IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

CHAD RYAN DESOTO,
DOB: 10/28/1991

Defendant.

CRIMINAL CASE NO. CF83-13

DECISION AND ORDER

(People's Request for Jury to Visit Crime Scene)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 17, 2014 on the People of Guam's ("the People") Request for Jury to Visit Crime Scene. The People are represented by Chief Deputy Attorney General Phillip J. Tydingco and Assistant Attorney General Gerald L. Henderson. Chad R. DeSoto ("Defendant") is represented by Public Defender Eric D. Miller and Assistant Public Defender Jocelyn M. Roden. Following oral arguments, the Court took the matter under advisement. Upon review of the written and oral arguments, and legal authorities presented by both parties, the Court issues its Decision and Order **GRANTING** the People's Request for Jury to Visit Crime Scene.

## BACKGROUND

Defendant was initially indicted by a Superior Court of Guam Grand Jury with the following: (1) 3 counts of Aggravated Murder (as a 1st Degree Felony) with Special Allegation—Possession and Use of a Deadly Weapon in the Commission of a Felony (3 counts) and (2) 12 counts of Attempted Aggravated Murder (as a 1st Degree Felony) with Special Allegation—Possession and Use of a Deadly Weapon in the Commission of a Felony (12

counts) on February 21, 2013. *Indictment* (Feb. 21, 2013). On February 28, 2013, the People moved the Court to dismiss count nine of the second charge of the Indictment. The People stated that "this charge duplicates a previous count charged in the Indictment (Count 5 of the Second Charge)." *People's Mot. & Order of Dismissal of Count Nine of the Second Charge of the Indictment* (Feb. 28, 2013).

Jury selection commenced on June 9, 2014. On June 16, 2014, after several days of voir dire, a jury of twelve with six alternates were empanelled and the trial proceeded. The People now move the Court for the jury to visit the crime scene. Defendant opposes the People's motion. On June 17, 2014, the Court heard the matter, took it under advisement, and now issues this Decision and Order.

## DISCUSSION

The People move the Court for the jury to visit the crime scene. They submit that the videos and photos introduced during the course of the trial does not cover the entire length of travel of the [Defendant's] vehicle on the sidewalk where the alleged offense took place. *See People's Request for Jury to Visit Crime Scene* at 1 (Jun. 13, 2014). The People move the Court to grant their request pursuant to 8 GCA § 90.29. They specifically request that jurors be escorted by Marshals to walk and view the route travelled by the Defendant's vehicle once it entered the sidewalk area on Route 14 to where it stopped at the ABC store located below the Hard Rock Café in Tumon. *Id.* at 2.

Defendant opposes the People's motion. Defendant relies on Guam Rules of Evidence 403 and opposes the request on the basis that the event will create mid-trial publicity which would be prejudicial to him under *People v. Flores*, 2009 Guam 22. *See Def.'s Opp'n Mot.* (Jun. 16, 2014). Defendant argues that "there is no need for the jury to be taken outside the

courtroom to a location beyond the judge's control due to the overdocumentation of such scene." *Id.* at 2. Moreover, Defendant argues that there is no adequate assurance of the safety of the Defendant and jurors once they are transported to the public roadway of San Vitores Road. *Id*

> Guam law provides when evidence can be taken out of the courtroom as follows:

> When the court determines that it is appropriate to take evidence outside the courtroom, the court may be convened at another location for the limited purpose of taking such evidence.

8 GCA § 90.29 (2005).

The corresponding notes accompanying this statutory provision states that "[w]hether or not the view is permitted rests within the trial judge, and his determination should not be disturbed absent a showing of abuse. While the Court recognizes the valid concerns raised by Defendant, these concerns have been addresses throughout the intense planning for this trial. The Court finds that adequate measures have been in place to ensure the safety, security, and preservation of a fair and impartial trial for the Defendant and all parties in the administration of justice. The *Flores* case cited by Defendant discusses mid-trial publicity, however, that was in the context of witnesses being interviewed by media and the jurors' potential influence of such reports. This Court is cognizant of its role to give daily admonitions to the jurors from watching, hearing, or having anything to do with medial reports associated with the instant case until the conclusion of this matter. *Flores* adopted the ABA standard of addressing mid-trial publicity issues, and this Court will comply with said standard in the event potentially prejudicial publicity arises. *See Flores*, 2009 Guam 22 ¶ 95.

At this time, the Court does not find any prejudice so grave as to hinder the exercise of 8 GCA § 90.29 and the Court finds that a scene visit will assist the fact-finder. Accordingly, the People's motion is **GRANTED**.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** the People's Request for Jury to Visit Crime Scene.

**SO ORDERED** this 18th day of JUNE, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: PDSC
AG, PDSC

6-18-14   11AM
Date:       Time:
Jerry T. Guerrero
Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam